IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY JOHN FARRIS III,

    Petitioner,               No. CIV-04-1758 GEB KJM P

    vs.

GEORGE STRATTON, Acting Warden,

    Respondent.            FINDINGS AND RECOMMENDATIONS

                          /

        Petitioner is a state prison inmate proceeding with counsel with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner raises two grounds in the petition for a writ of habeas corpus filed in this court: (1) petitioner received ineffective assistance of counsel when his attorney did not tell him that he could file a meritorious motion to suppress critical evidence and this incompetent advice rendered his guilty plea involuntary and unknowing; and (2) petitioner was deprived of effective assistance of counsel when the trial court, following a constitutionally insufficient hearing, compelled him to proceed with his court-appointed lawyer with whom petitioner had become embroiled in irreconcilable conflict. In his answer, respondent alleges that petitioner's second claim is unexhausted. Answer at 2, 32-35.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion

1 requirement by providing the highest state court with a full and fair opportunity to consider all
2 claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971);
3 Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir 1986).  The state court has had an opportunity
4 to rule on the merits when the petitioner has fairly presented the claim to that court.  This "fair
5 presentation" requirement is met where the petitioner has described the operative facts and legal
6 theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Without factual development,
7 the state courts have been denied the "opportunity to consider the federal constitutional
8 implications of alleged facts . . . of which it was unaware."  Kelly v. Small, 315 F.3d 1063, 1069
9 (9th Cir. 2002), cert. denied, 538 U.S. 1042 (2003).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).   A mixed petition containing both exhausted and unexhausted claims must be dismissed.  Id.

Respondent has provided a copy of the petition for review, No. C044650, that petitioner filed in the California Supreme Court.  In that petition, Petitioner alleges:

> Petitioner filed a pretrial Marsden Motion on the grounds of ineffective assistance of counsel and lack of communication with counsel, which was denied. At the Marsden Motion, counsel admitted that he had done nothing with the case because he was looking for an early disposition. Petitioner contends that he was the victim of ineffective assistance of counsel which deprived Petitioner of his rights under California Constitutional and Statutory law and, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.

Lodged Document No. 7 (Petition for Review in California Supreme Court) at 2.

> On October 12, 2001, Petitioner makes a "Marsden motion." Said motion is heard and denied.

Lodged Document No. 7 (Petition for Review in California Supreme Court) at 7.

A thorough description of the operative facts before the highest state court is necessary before a federal court can find that a federal habeas petitioner gave the state courts a

1  fair opportunity to apply controlling legal precedent to the facts of petitioner's Constitutional

2  claim. Kelly, 315 F.3d at 1069.[1]  There is no thorough description of the operative facts in the

3  petition. Petitioner's second claim is unexhausted. Accordingly, because this petition is a mixed

4  petition, containing one exhausted and one unexhausted claim, it must be dismissed.

5        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's petition for a

6  writ of habeas corpus be dismissed without prejudice and petitioner be given the option of filing

7  an amended petition containing only exhausted claims, with any such amended petition to be

8  filed within thirty days of the district court's adoption of these findings and recommendations.

9        These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

11  days after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14  /////

15  /////

16  /////

17  /////

18  /////

---

[1] Although petitioner's counsel does not address Kelly, he does cite to one post-Kelly case, Lounsbury v. Thompson, 374 F.3d 785 (9th Cir. 2004), applying the fair presentation standard.  In Lounsbury, petitioner's claim in the state petition apparently was articulated this way: "[D]efense counsel below argued that [Lounsbury] was not able to aid and assist. He clearly suffered from a mental condition." 374 F.3d at 788.  Lounsbury is distinguishable not only because the nature of Lounsbury's claim, that he was not competent to stand trial, on its face provided the essential fact to present the substance of the claim to the state courts; its outcome also took account of the Oregon Rules of Appellate Procedure applicable to Lounsbury's state petition, which limit factual development in state petitions.  Where, as here, the claim is that the court improperly denied a Marsden motion in light of counsel's ineffective assistance, and the claim is submitted to the California courts, it is not enough to say simply that the Marsden motion should have been granted because trial counsel did "nothing."  Rather some explanation of specifically what formed the basis for the conflict between client and counsel is required.

1 shall be served and filed within five days after service of the objections.  The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: August 12, 2005.

```
                                    _____
                                    UNITED STATES MAGISTRATE JUDGE
```

farr1758.157